# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD J. GARDNER, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-86 |
| ) | CIVIL NO. 12-1795 |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

CONTI, District Judge.

### I. Introduction

Pending before the court is a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (the "§2255 motion") filed by petitioner Ronald J. Gardner ("petitioner"). (ECF No. 141.) Upon reviewing petitioner's § 2255 motion, the government's response (ECF No. 148) and petitioner's replies (ECF Nos. 151, 152, 153), that motion will be denied in all respects because all the claims raised by plaintiff lack merit.

### II. Background

On April 12, 2005, a federal grand jury returned a four-count indictment against petitioner. (ECF No. 1.) The indictment charged petitioner with one count of corruptly endeavoring to impede or obstruct the due administration of the Internal Revenue law in violation of 26 U.S.C. § 7212(a) and three counts of willfully failing to file tax returns for 1998, 1999, and 2000 in violation of 26 U.S.C. § 7203. (Id.)

On March 16, 2010, a jury found petitioner guilty on all counts. (ECF No. 82.) On July 9, 2010, petitioner was sentenced to a term of imprisonment of twenty-one months at count 1 and twelve months at each of counts 2, 3, and 4 to be concurrently served for a total of twenty-one months imprisonment. (ECF No. 104.) Defendant was sentenced to one year of supervised release at each of counts 1, 2, 3, and 4 with all terms of supervised release to concurrently run. (ECF No. 104.) On July 23, 2010, petitioner filed a timely notice of appeal to the Court of Appeals for the Third Circuit. (ECF No. 108.) Petitioner, on appeal, challenged the trial court's jury instructions, arguing the court instructed the jury on a standard less than that of beyond a reasonable doubt. United States v. Gardner, 429 F. App'x 188 (3d Cir. 2011). The appellate court affirmed petitioner's conviction. Id., cert. denied, 132 S.Ct. 1036 (2012).

On December 10, 2012, petitioner timely filed his pro se § 2255 motion asserting ineffective assistance of trial and appellate counsel and prosecutorial misconduct.[1] (ECF No. 141.) On January 22, 2013, the government filed a motion for an extension of time to file a response to petitioner's § 2255 motion, (ECF No. 144), which was granted on January 24, 2013 (ECF No. 145). On January 30, 2013, the government filed its response to petitioner's motion. (ECF No. 148.) On February 25, 2013, petitioner filed a reply objecting to the government filing its response on January 30, 2013, which was five days after the original deadline of January 25, 2013. (ECF No. 151 at 1.) Petitioner objected to his delayed receipt of the government's response as a result of the document not being mailed to him until February 15, 2013.[2] (Id. at 1.)

---

[1] While petitioner does not specifically allege prosecutorial misconduct in his § 2255 motion, the allegations he makes in his § 2255 motion raise the issue of prosecutorial misconduct. (See ECF No. 141-1.)

[2] The government's response was timely because the court granted the government an extension to file its response on January 31, 2013. (ECF No. 145.) Petitioner's reply did not formally

On March 18, 2013, petitioner filed a supplemental reply to the government's response. (ECF No. 152.) On July 3, 2013, petitioner filed a second supplemental reply to the government's response. (ECF No. 153.) Petitioner's § 2255 motion is now ripe to be decided by the court.

**III. Standard of Review**

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to § 2255 unless the motion, files, and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255 ("The district court is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'") United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005) (citing Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)). An evidentiary hearing is not required, however, if the court determines that the motion, files, and records of the case conclusively support that the motion should be denied as a matter of law. Id. With this in mind, the "district court must 'accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" Johnson v. United States, 294 F. App'x 709, 710 (3d Cir. 2008) (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)). The district court, however, without further investigation may dispose of "vague and conclusory allegations contained in a § 2255 petition." Id.

Under § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside or correct the sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

---

request an extension, but was treated as such a request by the court. Petitioner's March 18, 2013 response is, therefore, timely filed.

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). In Hill v. United States, 368 U.S. 424 (1962), the Supreme Court of the United States read the statute as stating four grounds upon which relief can be claimed:

(1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," and (4) that the sentence "is otherwise subject to collateral attack."

Id. at 426-27 (quoting 28 U.S.C. § 2255(a)).

The statute provides as a remedy for a sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). For this remedy to be appropriate for a claim of ineffective assistance of counsel, there must be a "showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984).

The burden is on the petitioner to establish an ineffective assistance of counsel claim and requires a petitioner to prove: (1) deficient representation, meaning that counsel's representation fell below an objective standard of reasonableness; and (2) prejudice, meaning there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 694.

### IV. Discussion

Petitioner makes numerous allegations that his sentence was imposed in violation of the Constitution and is otherwise subject to collateral attack. Some of petitioner's allegations are vague and conclusory and can be disposed of without further investigation. See Johnson, 294 F.

4

App'x at 710. All claims raised by petitioner may be grouped into two categories: (1) ineffective assistance of counsel and (2) prosecutorial misconduct.

### A. Ineffective Assistance of Counsel

#### 1. General Framework

Petitioner argues that his attorneys, Lowell Becraft ("Becraft") at trial and Karen Gerlach ("Gerlach") on appeal, were ineffective for several reasons. (ECF No. 141-1.) To support a claim that "counsel's assistance was so defective as to require reversal of a conviction," Strickland, 466 U.S. at 687, petitioner must make two showings. "[A] habeas petitioner claiming a deprivation of his or her Sixth Amendment right to effective assistance of counsel must show that: (1) counsel's performance was deficient; and (2) counsel's deficient performance caused the petitioner prejudice." Ross v. Dist. Att'y of the Cnty. of Allegheny, 672 F.3d 198, 210 (3d Cir. 2012) (citing Strickland, 466 U.S. at 687). "To show deficient performance, 'a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. . . . The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" Ross, 672 F.3d at 210 (quoting Harrington v. Richter, 131 S.Ct. 770, 787 (2011)). "With respect to prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. As both of these components must be demonstrated to support a claim of ineffective assistance, the absence of one negates the need to address the other: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

## 2. Trial Counsel

Petitioner alleges that Becraft was ineffective because he: (1) failed to file a motion to dismiss the indictment on the ground that the statute under which petitioner was charged did not apply to him; (2) failed to question petitioner regarding his understanding of his personal tax liability; and (3) openly disagreed with petitioner on the underlying substantive law and refused to argue against the validity of the tax laws. (ECF No. 141-1 at 10-14.)

### a) Trial Counsel's Failure to File a Motion to Dismiss the Indictment On the Basis of Inapplicable Statute and Failure of Prosecution to Cite Statute Establishing Petitioner's Tax Liability

Petitioner contends he was improperly charged under 26 U.S.C § 7203; rather, he should have been charged under 26 U.S.C. §§ 6001, 6011, 6012, and the government failed to cite a statute under which petitioner was liable for taxes and required to file a tax return. (ECF No. 141-1 at 3-4.) Petitioner alleges that Becraft was deficient for not filing a motion to dismiss the indictment on these grounds. (ECF No. 141-1 at 3-4.) Petitioner also raises concerns about the constitutionality of taxes on individuals. (ECF No. 141-1 at 16.)

26 U.S.C. § 7203 provides:

> Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor.

26 U.S.C. § 7203.

Under § 7203, it is a crime to fail willfully to file a tax return. Section 7203 is, therefore, the proper statute under which to charge individuals, such as defendant, who willfully fail to file a tax return. See e.g., United States v. Beam, Crim. No. 12-2142, 2013 WL 2561862 (3d Cir.

June 12, 2013)(the defendant was charged and convicted under 26 U.S.C. §7203 for willfully failing to file a tax return); United States v. Bagdis, 488 F. App'x 593 (3d Cir. 2012)(the defendant was charged and convicted under 26 U.S.C. §7203); United States v. Siceloff, 451 F. App'x 183, 185-86 (3d Cir. 2011)(The defendant "is clearly obligated to pay taxes as a citizen of the United States. … Arising from that obligation is the related duty to timely file a tax return … [and] failure to honor that obligation, in violation of 26 U.S.C. § 7203, was undeniably an 'offense against the laws of the United States' that the Department of Justice had authority to prosecute, see 28 U.S.C. § 516. … The validity of [the defandant's] prosecution is therefore incontrovertible.").

Petitioner argues, however, that he is not a "person liable" for taxes. This argument is frivolous. 26 U.S.C. § 1 "imposes an income tax on the income of every individual who is a citizen or resident of the United States." 26 C.F.R. § 1.1–1(a)(1). 26 U.S.C. § 6012 provides: "Every individual having for the taxable year gross income which equals or exceeds the exemption amount," is liable for taxes, "except that a return shall not be required of an individual" who meets one of the specific exemptions listed in the remainder of the statute. 26 U.S.C. § 6012(a)(1)(A)(i-iv). Persons who are not citizens or residents of the United States or who do not have gross income which exceeds or equals the exemption amount are exempt from those requirements. Id. Petitioner does not assert he meets any of those exemptions. Under these circumstances, petitioner's argument that he is not liable for taxes is frivolous.

Becraft's performance cannot be deficient based upon an argument that he failed to file a motion to dismiss the indictment. Petitioner was charged under the correct statute, 26 U.S.C. § 7203, and he does not qualify for an exemption under the tax code. Petitioner, therefore, failed to make the requisite showing that his counsel was ineffective. His § 2255 motion will be denied

with respect to his claim that Becraft was deficient for not filing a motion to dismiss the indictment. See Strickland, 466 U.S. at 687.

### b) Failure to Question Petitioner About His Understanding of Tax Liability

Petitioner alleges that Becraft's performance was deficient because Becraft failed to ask petitioner: "Is it then your understanding from having read Section 1461 of the I.R. Code that you are not a 'person required to deduct and withhold' as that wording is used in Code Section 1461?" (ECF No. 141-1 at 11.) Petitioner argues that if Becraft had asked him that question and he had answered in the affirmative, the jury would have had sufficient evidence to find that he did not willfully violate the tax code and was, therefore, not guilty of the crimes charged in the indictment. (Id. at 18.) Petitioner argues that Becraft's failure to ask that question denied petitioner the opportunity to argue that it was his understanding that the tax laws under which he was being prosecuted were invalid and did not apply to him. (Id. at 12-13.)

Under 26 U.S.C. § 7203, the failure to file a tax return must be willful to be actionable. Courts have interpreted the word "willful" to exclude a good faith misunderstanding of the law, but not a disagreement with the law or belief that the law is unconstitutional. Cheek v. United States, 498 U.S. 192, 205-06 (1991). A belief that the tax statutes that were violated are invalid is not a defense to 26 U.S.C. § 7203 and an argument that those statutes are invalid is not admissible at trial. Id. During the pretrial hearing in this case, the court ruled petitioner's argument in this regard was not valid and precluded any evidence to that effect. (ECF No. 116 at 17.) Becraft's performance cannot be defective based upon a failure to pursue a frivolous line of questioning regarding petitioner's beliefs on the constitutionality of tax laws. Because the

deficiency prong of Strickland is not satisfied, petitioner's claim of ineffective assistance of counsel based upon Becraft's line of questioning lacks merit. Strickland, 466 U.S. at 687.

Additionally, Becraft's failure to ask the particular question that petitioner proposes in his § 2255 motion did not prejudice petitioner because other questions Becraft asked petitioner prompted petitioner to testify that he did not believe he was required to pay taxes, i.e., he did not willfully violate § 7203. Becraft asked petitioner: "What did you understand as to what had been told to you during the course of the meeting as to who was liable for the Federal income tax?" (Trial Transcript 3/21/10 (ECF No. 131) at 55.) Petitioner replied: "At 1461, withholding agents for non-resident aliens and foreign corporations." (Id.) Becraft asked petitioner: "Did you have a belief as to whether or not that involved you?" (Id.) Petitioner replied: "I had no activities involved with non-resident aliens or foreign corporations." (Id.) These questions addressed petitioner's belief that he was not liable for taxes and, therefore, did not willfully fail to file a tax return. Under those circumstances, petitioner was not prejudiced by Becraft not asking him the specific question he proposes in his § 2255 motion.

With respect to Becraft not asking the particular question petitioner wanted him to ask, neither prong of the Strickland test has been satisfied by petitioner. See Strickland, 466 U.S. at 687. Petitioner's § 2255 motion with respect to claims asserting Becraft's ineffectiveness on that ground must be denied.

   c)  **Trial Counsel's Open Disagreement with Petitioner About the Law and Failure to Argue Against the Law's Validity**

Petitioner alleges that Becraft's performance was deficient because he: (1) stated that petitioner's beliefs about tax law were incorrect; (2) failed to argue that the petitioner was not

9

liable for any tax; and (3) did not object to the prosecutor's refusal to answer petitioner's questions from the stand regarding liability.

"Judicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "To overcome the Strickland presumption that, under the circumstances, a challenged action might be considered sound trial strategy, a habeas petitioner must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel or, (2) that the actions could never be considered part of a sound strategy." Thomas v. Varner, 428 F.3d 491, 499 (3d Cir. 2005). The court ruled at the pretrial hearing in this case that Becraft in his opening statement, during the trial, and in his closing statement could not argue the incorrect interpretations of the law that petitioner now alleges Becraft should have argued. (ECF No. 116 at 17.) The court in accordance with Cheek v. United States, 498 U.S. 192, 206 (1991), ruled that petitioner's views about the validity of the tax statutes were irrelevant to the issue of willfulness. (Id.) Becraft, who was precluded from presenting petitioner's views as legitimate, presented petitioner's views to the jury as the sincere yet mistaken beliefs of his client. (ECF No. 118 at 48-58.) Becraft's strategy in this respect falls squarely within the wide range of reasonable choices available to Becraft and must be given deference by the court. Petitioner does not challenge Becraft's motivations with respect to trial strategy or that his actions could never be considered part of a sound strategy. It is not the place of counsel to instruct the jury on the law; that is solely within the purview of the court. See FED. R. CRIM. P. 30. Under those circumstances, petitioner cannot show Becraft's performance was deficient under Strickland.

Petitioner alleges that Becraft should have objected to the prosecutor's failure to answer any of the questions petitioner asked the government's counsel from the stand. This argument is frivolous. A witness is called to provide testimony, not to question others present in the courtroom. See FED. R. EVID. 601-15. The prosecutor was not a witness in this case and did not have to answer petitioner's questions. Petitioner was represented by counsel who could ask witnesses questions on his behalf. Becraft had no grounds upon which to object to the prosecutor's failure to answer petitioner's questioning, and his performance cannot be deficient in this respect.

For the reasons stated above, Becraft's performance was not deficient. The strategic decisions he made with respect to petitioner's beliefs about the tax laws were controlled by the inadmissible nature of those beliefs and are the kind of decisions that must be given deference by the court. Strickland, 466 U.S. at 690-91. Because Becraft's performance was not deficient, petitioner's § 2255 motion must be denied with respect to any claim of ineffective assistance of trial counsel. See Strickland, 466 U.S. at 687.

### 3. Appellate Counsel

On appeal an attorney is not required to raise every non-frivolous issue with the court. See Smith v. Robbins, 528 U.S. 259, 288 (2000). An attorney is not required to raise issues solely because they are urged to do so by their client. Sistrunk v. U.S., 96 F.3d 666, 670 (3d Cir. 1996). The "process of 'winnowing out weaker arguments and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones v. Barnes, 463 U.S. 745, 751-52). In order to prevail on a claim of ineffective appellate counsel, petitioner must show "there is a reasonable probability that the result of the appeal would have been different had

counsel's stewardship not fallen below the required standard." United States v. Mannino, 212 F.3d 835, 845 (3d Cir. 2000)(emphasis in original). The determination does not take into account anything that may have occurred in the trial court. Id.

Petitioner alleges that Gerlach on appeal was deficient for not raising "the improper charging statute or the liability issue." (ECF No. 141 at 4.) As discussed above, these arguments lack merit. Gerlach was, therefore, not deficient in refusing to raise them on appeal. Petitioner's § 2255 motion will be denied with respect to his claims that Gerlach provided ineffective assistance of appellate counsel.

### B. Prosecutorial Misconduct

#### 1. General Framework

Federal habeas relief may be granted when a prosecutor's conduct "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); see Foy v. Lamas, Crim. No. 12-0088, 2013 WL 838191, at *28 (E.D. Pa. Mar. 6, 2013); Pursell v. Horn, 187 F.Supp.2d 260, 341 (W.D. Pa. 2002). To satisfy this standard, the prosecutor's misconduct must constitute a " 'failure to observe the fundamental fairness essential to the very concept of justice.' " Donnelly, 416 U.S. at 642 (quoting Lisenba v. California, 314 U.S. 219, 236 (1941)). The court must "examine the prosecutor's offensive actions in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant." Moore v. Morton, 255 F.3d 95, 107 (3d Cir. 2001); see United States v. Young, 470 U.S. 1, 11 (1985).

#### 2. Government's Representation of the Law to the Jury and Choice of Charges

Petitioner alleges that the prosecutor at trial intentionally and incorrectly portrayed the

law to the jury and deliberately charged petitioner under the wrong statute in order to avoid having to prove beyond a reasonable doubt that petitioner was liable for taxes. (ECF No. 141-1 at 8-10.) Petitioner argues:

> The Prosecutor knew very well that petitioner was not a 'person required to deduct and withhold any tax', and, hence, was not "liable" for the tax, so he (the Prosecutor) <u>had to</u> prevent the jury from understanding the prerequisite requirement of <u>liability</u> in order to prove a filing requirement.

(<u>Id.</u> at 8-9) (emphasis in original).

As discussed above, petitioner was correctly charged under 26 U.S.C. § 7203. There is no merit to the allegation that the prosecutor deliberately chose the wrong statute to the detriment of petitioner. Petitioner's allegation regarding the prosecutor's portrayal of the law to the jury is also unfounded. Petitioner's allegation is based upon the government's use of the actual law rather than petitioner's own incorrect legal theories regarding tax law. Under those circumstances, the prosecutor's conduct did not infect petitioner's trial with unfairness, and petitioner was not deprived of his due process under law. Petitioner's § 2255 motion will be denied.

### V. Conclusion

For the reasons set forth above, petitioner's motion will be denied. The motion, files, and records of this case show conclusively that petitioner failed to demonstrate that either his trial or appellate counsel was ineffective or that there was any prosecutorial misconduct. Under these circumstances, there is no reason to conduct an evidentiary hearing with respect to petitioner's claims.

### VI. Certificate of Appealability

When a district court issues a final order denying a § 2255 motion, the court must also

make a determination about whether a certificate of appealability ("COA") should issue or the clerk of the court of appeals shall remand the case to the district court for a prompt determination about whether a certificate should issue. See 3rd Cir. LAR. 22.2.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Based upon the motion, files and records this instant case, and for the reasons set forth herein, petitioner did not show a denial of his constitutional rights. A COA will not issue.

## VII. Order

And now this 18th day of July, for the reasons set forth above, the motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 filed by petitioner Ronald J. Gardner (ECF No. 141) is DENIED. The clerk should mark this case closed.

/s/ Joy Flowers Conti
The Honorable Joy Flowers Conti
United States District Judge

cc: Ronald J. Gardner
1101 Mt. Royal Blvd., Apt. 303
Pittsburgh, PA 15223